# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0641, <u>Prudence Daniels-Aldrich v. Frank Sacco</u>, the court on May 16, 2019, issued the following order:**

Having considered the opening and reply briefs of the defendant, Frank Sacco (landlord), the brief of the plaintiff, Prudence Daniels-Aldrich (tenant), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The landlord appeals a Circuit Court (<u>Rappa</u>, J.) order entering a $17,000 judgment in the favor of the tenant on her petition brought under RSA chapter 540-A. See RSA ch. 540-A (2007 & Supp. 2018). The trial court imposed a penalty of $1,000 after finding that the landlord "directly caus[ed]" the tenant's electricity to be "shut off." The landlord does not appeal that part of the judgment, which we, therefore, affirm. The trial court imposed a penalty of $16,000 after finding that the landlord violated RSA 540-A:3, V-a by willfully failing to investigate the tenant's report of a rodent infestation within 7 days of receiving notice of that infestation. RSA 540-A:3, V-a (Supp. 2018). The landlord appeals this penalty, which we vacate. We remand for further proceedings consistent with this order.

The trial court found that the landlord violated RSA 540-A:3, V-a, which provides:

> No landlord shall willfully fail to investigate a tenant's report of an infestation of insects, . . . or rodents in the tenant's rented or leased premises, within 7 days of receiving notice of such alleged infestation from the tenant or a municipal health or housing code authority or fail to take reasonable measures to remediate an infestation.

Specifically, the trial court found:

> The order that [the landlord] investigate the infestation was issued on August 3, 2018. The landlord took no action on that order until August 19, 2018 when he provided the [tenant] with "sticky pads." While the Court may question whether the simple act of providing the "sticky pads" constitutes "reasonable measures to remediate an infestation[,]" there was testimony that seven mice were eradicated as a result and there was no testimony that the infestation continued after that. Therefore, the violation was limited to sixteen (16) days. . . . [P]ursuant to RSA 540-A:[4], IX[a][,] the penalty is $16,000 ($1,000 per each day of the violation[)].

The landlord contends that the trial court erred when it found that he had notice of the infestation as of August 3, the date on which the temporary order was issued. He contends that he did not have notice of the mice infestation until August 15, when the trial court's temporary order was served on him. He argues that the action he took on August 19 was within 4 days of that notice, and, therefore, that he did not violate RSA 540-A:3, V-a.

We are unable to determine whether the landlord has interpreted the trial court's order correctly. It could be that, as he argues, the trial court found that he was first notified of the infestation by the temporary order. However, it could also be that the trial court used the date of the temporary order only to affix damages. See RSA 540-A:4, IX(a) (Supp. 2018) (providing, in pertinent part, that each day that a violation of RSA 540-A:2 or RSA 540-A:3 "continues after issuance of a temporary order shall constitute a separate violation"). Reading the order one way, the trial court found that the landlord received notice of the infestation on August 3, and did not correct it until August 19. Reading the order another way, the trial court did not specify when the tenant first notified the landlord of the infestation but impliedly must have found that he was notified more than 7 days before August 19.

Because the trial court's order is ambiguous, we vacate this portion of the trial court's order and remand for further proceedings consistent with this order. Upon remand, should the trial court again determine that the landlord violated RSA 540-A:3, V-a, we direct it to issue: (1) findings of fact sufficient to allow for meaningful appellate review; and (2) rulings of law addressing the remedy, if any, to which the tenant might be entitled in light of RSA 540-A:4, IX(d), which states that the provisions of RSA 540-A:4, IX(a) "shall not apply to any violation of [RSA] 540-A:3, V-a." RSA 540-A:4, IX(d) (Supp. 2018).

Affirmed in part; vacated in part; and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**